**E-FILED**
Friday, 22 July, 2005  04:42:51 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES  DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | | |
|---|---|---|
| **NICHOLAS RESTAINO,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **Case No. 04-2198** |
| **ILLINOIS STATE POLICE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

In April 2004, Plaintiff, Nicholas Restaino, filed a Complaint (#1) against Defendants Illinois State Police, Lieutenant Matthew Adamson, Officer William Backus, the Momence Police Department, Sergeant Tracy Nolte, and Dana Steele, alleging that Defendants violated his constitutional rights pursuant to 42 U.S.C. § 1983 (hereinafter "Section 1983") and also alleging defamation.  Federal jurisdiction is based on federal question (29 U.S.C. § 1331).

In June 2005, Defendant Steele filed a Rule 12(b)(1) Motion To Dismiss Counts I-III and Rule 12(b)(6) Motion To Dismiss Count IV of Plaintiff's Complaint (#51).  After reviewing the parties' pleading and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. 636(b)(1)(B), that Defendant's Motion To Dismiss (**#51**) be **GRANTED**.

### I.  Background

The following background is based on the complaint.  Plaintiff owned an automobile body repair shop in Momence, Illinois.  (#1, ¶ 1.)  Defendant Steele is the wife of the owner of another automobile body repair shop in Momence, which had been the only body repair shop before Plaintiff opened his shop in January 2001.  (#1, ¶¶ 7, 11.)

Plaintiff alleges that, in April 2002, Defendant made a false report to the Momence Police, stating that Plaintiff had driven his truck close to her car and yelled at her (#1, ¶ 13), and knowingly misinformed the Momence police about a temporary restraining order that had been issued by a Will County judge against Plaintiff, but had since expired (#1, ¶ 14.)  Based on these

false statements by Defendant, in April 2002, officers of the Illinois State Police, with the assistance of Momence Police Department officers, went to Defendant's place of business and revoked his Firearm Owner's Identification Card (hereinafter "FOID") card, arrested him, and forced him to turn over all firearms he owned.  (#1, ¶¶ 13-14, 16, 29.)

In Counts I, II, and III against all Defendants, Plaintiff alleges that Defendants violated his constitutional rights under the Second, Fourth, and Fourteenth Amendments.  Specifically, he alleges that Defendants deprived him of his right to be free from unreasonable search and seizure (Count I), his right to be free from deprivation of liberty without due process of law (Count II), and his right to keep and bear arms, as well as his right to be free from deprivation of property without due process of law (Count III).  In Count IV, against Defendant Steele and others, Plaintiff alleges defamation of character.

## II.  Standard of Review

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case.  *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).  When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party.  *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997).  The Court should dismiss the claim only if the nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

## III.  Analysis

Defendant argues that the Court should dismiss the claims against her in Counts I, II, and III because she is a private actor who was not acting under color of law; therefore, she cannot be liable pursuant to Section 1983.  She also argues that the Court should dismiss Count IV as to her because the statute of limitations has run.

2

## A.  The Section 1983 Claims

Section 1983 imposes civil liability only upon a person who "under color of any statute, ordinance, regulation, custom, or usage of any State or Territory, subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  The purpose of Section 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims who suffer the deprivation. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).  Therefore, Section 1983 liability attaches only to those wrongdoers "who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority, or misuse it," or when the "State provided a mantle of authority that enhanced the power of harm-causing [private] actor." *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191, 192 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)).  In the typical case raising the issue of state action, a private party has taken the decisive step that caused the harm to the plaintiff, and the question is whether the State was sufficiently involved to treat the decisive conduct as state action.

Defendant contends that Plaintiff has not alleged anything from which the Court could infer that Defendant was acting under color of law.  Plaintiff alleges only that Defendant made false claims upon which the police relied.  (#1, ¶¶ 13-14, 40.)  It is well-settled that making a false claim to the police is not enough to bring one's conduct within the purview of Section 1983.  "[P]roviding false information to an arresting officer is not, by itself, sufficient to state a claim against [a] private party under § 1983." *Moore v. Marketplace Rest., Inc.*, 754 F.2d 1336, 1352 (7th Cir. 1985).

In his memorandum, Plaintiff contends that Defendant was engaged in a conspiracy with the police. *See Davis v. Union Nat'l Bank*, 46 F.3d 24, 26 (7th Cir. 1994) ("The private actor must wrongfully influence the state's decision to prosecute through a conspiracy, or else the plaintiff must seek his remedy in a state tort claim, not a federal § 1983 suit.").  However, nowhere in his complaint does Plaintiff allege a conspiracy nor has he alleged any facts in the complaint that lead to an inference of conspiracy.  "In order to establish a conspiracy, the

plaintiff must demonstrate that the state officials and the private party somehow reached an understanding to deny the [plaintiff's] constitutional rights." *Moore*, 754 F.2d at 1352.  It is well established that a plaintiff cannot amend his complaint through arguments presented in legal memoranda.  *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993); *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989).

Because the Seventh Circuit has made it clear that Section 1983 does not cover private actors who merely provide false information to the police, and because Plaintiff has failed to allege any other basis raising an inference of State action, the Court recommends dismissing Counts I, II, and III as to Defendant Steele.

### B.  The Defamation Claim

Defendant Steele next argues that the Court should dismiss Plaintiff's defamation claim because it is barred by the applicable statute of limitations.  Defendant bases this contention on the premise that the defamation claim is based on Illinois law.  In Illinois, defamation is subject to a one-year statute of limitations, and the clock begins running when the defamatory comments were made.  735 ILCS 5/13-201; *Muzikowski v. Paramount Pictures Corp.,* 322 F.3d 918, 923 (7th Cir. 2003).  Here, Plaintiff has alleged that Defendant Steele made the statements at issue in April 2002.  (#1, ¶¶12-14.)  Plaintiff did not file his complaint until April 2004, which exceeded the one-year statute of limitations.  The Court agrees that, if the claim in Count IV is based on state law, the statute of limitations bars the claim.

In response, Plaintiff states in his memorandum that he is bringing his defamation claim pursuant to Section 1983.  Claims brought pursuant to Section 1983 are subject to a two-year statute of limitations.  However, as noted above, Plaintiff has not alleged anything from which the Court can infer that Defendant Steele was acting under color of law, a requirement for claims raised pursuant to Section 1983.

Because the statute of limitations for a state law defamation claim had run before Plaintiff filed his complaint, and because Plaintiff has failed to adequately allege a constitutional

claim against Defendant for defamation pursuant to Section 1983, the Court recommends that Count IV be dismissed as to Defendant Steele.

### IV.  Summary

For the reasons set forth above, this Court recommends that Defendant Steele's Rule 12(b)(1) Motion To Dismiss Counts I-III and Rule 12(b)(6) Motion To Dismiss Count IV of Plaintiff's Complaint **(#51)** be **GRANTED**.  Because Plaintiff can conceivably amend the complaint to state a claim against Defendant Steele, the Court also recommends that Plaintiff be granted leave to file an amended complaint within fourteen (14) days of the order ruling on the motion.  In addition, the Court recommends **STRIKING** Defendant Steele's Motion To Dismiss **(#50)**, which appears to be a duplicate of #51.

The parties are advised that any objection to this recommendation must be filed in writing with the Clerk within ten (10) working days after service of a copy of this recommendation.  *See* U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 22nd day of July, 2005.

_____
s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE